**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD**

**WILLIAM KNIGHT, II,**

    **Plaintiff,**

**v.**                                            **CIVIL ACTION No. 1:25-00747**

**CORRECTIONAL OFFICER RONALD SMITH,**

    **Defendant.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the court is Plaintiff's Motion for Extension of Time to Serve Process. <u>See</u> ECF No. 4. In that motion, he seeks an additional twenty (20) days to serve defendant.

Rule 4(m) of the Federal Rules of Civil Procedure requires that a defendant must be served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). If service is not effected within 90 days, then the court, on motion or on its own, "must" dismiss the action without prejudice unless the plaintiff shows good cause for the failure.[1] Fed. R. Civ. P. 4(m).

---

[1]Rule 4(m) of the Federal Rules of Civil Provides in part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

However, some courts, including this court, have held that even in the absence of good cause, the court, in its discretion may enlarge the 90-day period for service.  See Henderson v. United States, 517 U.S. 654, 658 (1996) (stating in dicta and citing the 1993 Advisory Committee Notes, that Rule 4(m) "permits a district court to enlarge the time for service 'even if there is no good cause shown.'"); Giacomo-Tano v. Levine, 199 F.3d 1327, 1999 WL 976481, *1 (4th Cir. Oct. 27, 1999) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service."); Scruggs v. Spartanburg Regional Medical Center, 198 F.3d 237, 1999 WL 957698, *2 (4th Cir. Oct. 19, 1999) (observing that Henderson is persuasive as to the meaning of Fed. R. Civ. P. 4(m)) (unpublished).

The United States Court of Appeals for the Fourth Circuit has confirmed that a district court has discretion to extend the time for service even if good cause does not exist.  See Gelin v. Shuman, 35 F.4th 212, 220 (4th Cir. 2022).  The court wrote:

> Now, however, we bring our jurisprudence on this issue in line with Henderson and confirm that the statements in Mendez indicating that a plaintiff must establish good cause to obtain an extension of time to serve the defendant are no longer good law.  Rather, we hold that under Rule 4(m), a district court possesses discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause by the plaintiff for failing to serve the defendant during the 90-day period provided by the Rule.  And if

the plaintiff is able to show good cause for the failure, then the court <u>must</u> grant the extension.

<u>Id.</u> at 219-20 (emphasis in original).

The court finds that an enlargement of time is appropriate here and **GRANTS** plaintiff's motion allowing him an additional twenty (20) days to serve defendant.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record.

It is **SO ORDERED** this 24th day of April, 2026.

ENTER:

David A. Faber
Senior United States District Judge

3